UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. : 1:21-MJ-488-RMM |
| : | |
| MITCHELL TODD GARDNER II, : | |
| : | |
| Defendant. : | |
| : | |

## GOVERNMENT'S MEMORANDUM ON PRE-TRIAL DETENTION

The United States files its Memorandum on Pre-Trial Detention to address the Bail Reform Act's pretrial detention provisions under 18 U.S.C. § 3142 application to a felony charge of destroying government property under 18 U.S.C. § 1361. The Government requests that the following points and authorities, as well as any other facts, arguments, and authorities presented at the detention hearing be considered in the Court's determination regarding pre-trial detention.

## BACKGROUND

While reviewing open source video, law enforcement observed an unidentified male subject, later identified as Mitchell Todd Gardner II ("Defendant"), inside the restricted areas and inside the U.S. Capitol on January 6, 2021. The Defendant is also seen on video and in pictures standing on a U.S. Capitol window ledge striking and damaging the window with what appears to be a red canister covered with a black case. The damage the Defendant caused to the U.S. Capitol widow exceeds $1,500.00 USD. The Defendant is also seen spraying the contents of this red canister at the U.S. Capitol Police guarding the entrance to the U.S. Capitol on January 6, 2021.

On June 22, 2021, the Defendant was charged in a criminal complaint in the United States District Court for the District of Columbia with the following alleged law violations: 18 U.S.C. § 1361; 18 U.S.C. § 1512(c)(2); 18 U.S.C. §1752(a)(1); 18 U.S.C. § 1752(a)(2); 40 U.S.C.

5104(e)(2)(D); and 40 U.S.C. 5104(e)(2)(G). On June 25, 2021, Federal Bureau of Investigation ("FBI") arrested the Defendant in Tampa, Florida at the Tampa International Airport. On June 29, 2021, the Defendant had an initial appearance in the Middle District of Florida. At the initial appearance on June 29, 2021, the Defendant elected to have the detention hearing before the Magistrate in the District of Columbia.

At the initial appearance, the Government sought temporary detention pending a detention hearing for the following reasons: (1) Section 1361 triggers a rebuttable presumption in favor of detention under Section 3142(e)(3)(C); and (2) risk of flight under Section 3142(f)(2)(A), the Defendant did not have a stable place to live. The Government is amenable to a set of conditions for release should defense rebut the presumption and address the concerns surrounding the Defendant living conditions.

The Government contacted defense counsel on June 30, 2021, July 1, 2021, and July 2, 2021, to discuss the Defendant's living conditions as well as other potential conditions of release but has been unable to reach defense counsel.

## ARGUMENT

I.  § 1361 Triggers a Rebuttable Presumption in Favor of Detention Under § 3142(e)(3)(C).

First, as elaborated below, a felony § 1361 offense triggers a rebuttable presumption of detention under § 3142(e)(3)(C), because it is an offense listed in 18 U.S.C. § 2332b(g)(5)(B) and is punishable by a term of imprisonment of up to 10 years, which falls within the statutory requirement that the predicate offense provide for punishment of "10 or more years." Because the grand jury found probable cause that the defendant committed a felony violation of § 1361, the rebuttable presumption applies here.

The statute defining the defendant's predicate offense at issue, 18 U.S.C. § 1361, states:

> Whoever willfully injures or commits any depredation against any property of the United States, or of any department or agency thereof, or any property which has been or is being manufactured or constructed for the United States, or any

2

department or agency thereof, or attempts to commit any of the foregoing offenses, shall be punished as follows:

If the damage or attempted damage to such property exceed the sum of $1,000, by a fine under this title or imprisonment for not more than ten years, or both; if the damage to such property does not exceed the sum of $1,000, by a fine under this title or by imprisonment for not more than one year, or both.

The statutory provision governing application of rebuttable presumptions in detention considerations, 18 U.S.C. § 3142(e)(3)(C), states:

(3) Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed[…](C) an offense listed in section 2332b(g)(5)(B) of title 18, United States Code, for which a maximum term of imprisonment of 10 years or more is prescribed[.]

In relevant part, § 3142(e)(3)(C) requires (1) a finding of probable cause that the predicate offense committed is (2) listed under § 2332(b)(g)(5)(B), and (3) punishable by 10 years or more. Section 1361 satisfies these requirements. Section 1361 is an offense listed under § 2332b(g)(5)(B). It is a crime punishable by "not more than 10 years." Even if for only one day, the maximum prison term for § 1361 of "not more than 10 years" certainly falls within an imprisonment range of "10 years or more." *See United States v. Rasco*, 123 F.3 222, 227 (5th Cir. 1997) (finding a one day overlap sufficient to deem a state aggravated battery offense, punishable by "not more than 10 years," a "serious violent felony" under the Violent Crime Control and Law Enforcement Act, 18 U.S.C. § 3559(c), which included offenses "punishable by a maximum term of imprisonment of 10 years or more").

A rebuttable presumption in favor of detention under § 3142(e)(3)(C), therefore, applies in this case where there is probable cause that the defendant violated § 1361—an enumerated offense under § 2332b(g)(5)(B) punishable by ten or more years. Therefore, because the rebuttable presumption applies, a detention hearing follows to provide the Defendant an opportunity to rebut

the presumption and, if successful, for the Court to balance § 3142(g) factors in determining whether detention is necessary.

II.     Risk of Flight Under 18 U.S.C. § 3142(f)(2)(A).

Second, as noted above, the Defendant does not have a stable place to live. The Government has contacted defense counsel for updated information concerning potential places for the Defendant to reside should the Court find that a set of conditions would reasonably assure the Defendant's appearance. The Government, at the time of this filing, has not received a response from defense counsel.

## CONCLUSION

For the reasons stated above, there is probable cause to believe the defendant violated § 1361—an enumerated offense under § 2332b(g)(5)(B) punishable by ten or more years—that triggers a rebuttable presumption under § 2332b(g)(5)(B) and thus necessitates a detention hearing. Second, the Defendant presents a risk of flight under § 3142(f)(2)(A).

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
D.C. Bar No. 415793

By:     /s/ *Frances E. Blake*
FRANCES E. BLAKE
Texas Bar No. 24089236
Assistant United States Attorney
Detailee
United States Attorney's Office
for the District of Columbia
Frances.Blake@usdoj.gov

## **CERTIFICATE OF SERVICE**

On July 7, 2021, a copy of the foregoing was served on counsel of record for the defendant via the Court's Electronic Filing System.

/s/ *Frances E. Blake*
FRANCES E. BLAKE
Assistant United States Attorney