THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:21-cr-00622-APM |
| ) | |
| MITCHELL TODD GARDNER II ) | |

**DEFENDANT'S MOTION TO TAKE GUILTY PLEA UNDER ADVISEMENT OR IN THE ALTERNATIVE TO CONDUCT GUILTY PLEA AND SENTENCING ON THE SAME DAY**

Mitchell Todd Gardner II, by and through undersigned counsel, hereby requests that this Court either take Mr. Gardner's intended plea of guilty under advisement pending sentencing, or, in the alternative, conduct the guilty plea and sentencing on the same day. If the Court is not inclined to conduct the proceeding(s) in either manner set forth above, Mr. Gardner respectfully requests he be continued on release, pursuant to 18 U.S.C. § 3145(c), due to "exceptional reasons." In support of this motion, counsel states the following.

I. INTRODUCTION

Mr. Gardner intends to change his plea in the above-named case, and enter a plea of guilty to the following counts of the indictment in this matter: 1) Count 1, Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); 2) Count 2, Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and 2; and 3) Count 3, Assaulting, Resisting, or Impeding Certain Offenses Using a Dangerous Weapon, in violation of 18 U.S.C. § 111(a)(1) and (b). Mr. Gardner has already executed the plea paperwork.

1

However, because Mr. Gardner is pleading guilty to a crime of violence, as defined by 18 U.S.C. § 3142(f)(1), the government takes the position that he will be required to be detained on the date of the guilty plea pending sentencing, pursuant to 18 U.S.C. § 3143(a)(2).

Counsel takes the position that 1) the Court has authority, pursuant to 18 U.S.C § 1345(c), to release Mr. Gardner pending sentencing because "exceptional reasons" exist that warrant his continued release; and 2) the Court has the inherent authority to schedule proceedings as it wishes, pursuant to Federal Rule of Criminal Procedure 11(c)(3)(A).

## II.   ARGUMENT

18 U.S.C. § 3143(a)(2) states:

> "the judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless—(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community."

However, 18 U.S.C. § 3145(c) provides further guidance and states, in relevant part:

> "[a] person subject to detention pursuant to section 1343(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3145(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."

The "exceptional reasons" that exist in this case are that, as part of the Bureau of Prisons' ("BOP") Inmate Security Designation that Mr. Gardner is required to undergo upon a sentence of imprisonment, his security designation would be negatively affected if he is detained at a guilty plea or on the actual sentencing date. *See* Exhibit A: BOP Program Statement 5100.08, CN-1, September 4, 2019, ch. 4, p. 5. If an individual is allowed to voluntarily surrender, three (3) points are subtracted in the security designation calculation. However, if an individual is

2

detained at any other point, including at the plea hearing or on the actual sentencing date, the person will receive no points as part of the calculation. *See id*; *see also* Exhibit B: Inmate Load and Security Designation Form BP-A. 337. Thus, an individual receives an extensive benefit from being provided the ability to voluntarily surrender after a sentencing. *See id.*

In this case, despite the government's motion for detention pretrial, on July 8, 2021, Judge Harvey released Mr. Gardner on pretrial supervision with conditions. *See United States v. Gardner*, No. 21-mj-488 (D.D.C. July 8, 2021), Dkt. No. 11. Since that date, Mr. Gardner has complied with all pretrial conditions, as detailed in the most recent pretrial services report, dated May 9, 2022. *See United States v. Gardner*, No. 21-cr-622 (D.D.C. May 9, 2022), Dkt. No. 36.

If a period of imprisonment were to be imposed, Mr. Gardner should be allowed to voluntarily surrender because he poses no risk of flight, is not a danger, and has complied with all pretrial supervision conditions. Allowing Mr. Gardner to voluntarily surrender would ensure that he receives the benefit of the three (3) point reduction in his security designation calculation. Whether or not Mr. Gardner receives a three (3) point deduction will directly impact the security level of the BOP facility in which Mr. Gardner would serve a term of imprisonment, if one is imposed; indeed, Mr. Gardner would be disproportionately imprisoned at a higher security level facility simply because he was detained on the plea or on the sentencing date, as opposed to being provided the ability to voluntarily surrender.

If the Court interprets 18 U.S.C § 3143(a)(2) as mandatory and does not find that "exceptional reasons" exist, under 18 U.S.C. § 1345(C), the Court can still continue Mr. Gardner on release, pursuant to Federal Rule of Criminal Procedure 11(c)(3)(A), which states "to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence

3

report." Mr. Gardner's plea agreement provides that the government agrees to dismiss the remaining counts of the indictment; therefore, his plea agreement falls within the category defined in Rule 11(c)(1)(A). Accordingly, the Court has the inherent authority to defer a decision on the acceptance of Mr. Gardner's plea agreement by taking it under advisement, ordering a presentence report, setting a sentencing date, and making a final determination on the day of sentencing. Furthermore, as a matter of judicial economy, the Court has inherent authority to schedule proceedings as the Court deems appropriate. *See, e.g.*, *Matter of Search of Encrypted Data Provided by Nat'l Ctr. for Missing & Exploited Child. for Nineteen Related Cyber Tipline Reps.*, No. 20-SW-321 (ZMF), 2021 WL 2100997, at *3 (D.D.C. May 22, 2021) (citations omitted) ("Courts have the 'inherent power to manage the docket and promote judicial economy.'"); *Beale v. D.C.*, No. 04-cv-959, 2005 WL 8178299, at *2 (D.D.C. Sept. 30, 2005) ("[T]he court has the inherent authority to manage its docket."). In counsel's nearly thirty (30) years of experience, judges across the country in varying federal jurisdictions have taken pleas under advisement and/or conducted plea and sentencing on the same day so as to avoid the mandatory provisions outlined in 18 U.S.C. § 1343(a)(2).

### III.    CONCLUSION

Wherefore, for the foregoing reasons, Mr. Gardner respectfully requests the Court to take his plea under advisement, or, in the alternative, to conduct the change of plea hearing and sentencing on the same day. If the Court does not wish to proceed in accordance with either of the above requests, Mr. Gardner respectfully requests the Court to continue his release pending sentencing, pursuant to 18 U.S.C § 3145(c).

Respectfully submitted,

_____/s/_____

David B. Benowitz
D.C. Bar # 451557
*Counsel for Michael Todd Gardner II*
Price Benowitz LLP
409 Seventh Street, NW
Suite 200
Washington, D.C. 20004
Phone: (202) 271-5249
Fax: (202) 664-1331
David@pricebenowitz.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of June 2022, I caused a true and correct copy of the foregoing Motion be delivered via CM/ECF to all parties in this matter.

_____/s/_____
David B. Benowitz