**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **Case No. 21-cr-622 (APM)** |
| | : | |
| **MITCHELL TODD GARDNER II,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO TAKE GUILTY PLEA UNDER ADVISEMENT

The United States of America, by and through its attorney, respectfully responds to Defendant Mitchell Todd Gardner's ("Gardner") motion to take his guilty plea under advisement, to hold the change of plea and sentencing on the same day, or to remain out of custody pending sentencing.   (ECF No. 46.)   The government opposes this motion.

For assaulting police officers with their own equipment, engaging in a civil disorder, and participating in the obstruction of Congress counting the electoral votes, Defendant Gardner will plead guilty to Counts One, Two, and Three of the Indictment.   Gardner urged fellow rioters to "pull the cops out," "fight for Trump," and "break the fucking window."   He used a Metropolitan Police Department ("MPD") oleoresin capsicum spray to assault officers in the Lower West Terrace tunnel, hitting an officer directly in the face shield and causing harm to several officers. Gardner then used the same MPD equipment to bash a window of the U.S. Capitol and enter the Capitol through a broken window.

First, while the Court *may* defer acceptance of the plea agreement pursuant to Federal Rule of Procedure 11(c)(3)(A), that is not the norm and should not be utilized here.   Should the Court defer acceptance of the plea agreement, Defendant Gardner could withdraw from the plea, and in late 2022 we could once again find ourselves in the position of attempting to schedule a mutually

agreeable trial date - easily another several months down the road and well into 2023.   Defendant

Gardner's request feels much like a tactic to delay the inevitable and avoid the consequences of

his actions.   Further, deferral of acceptance of a plea is not an acceptable practice to circumvent

the requirement of 18 U.S.C. § 3143(a), which mandates a judicial officer detain a person who has

been found guilty of an offense in a case described in subparagraph (A) of subsection (f)(1) of

section § 3142.

>    18 U.S.C. § 3143(a)(2) states:
>
>    "the judicial officer *shall* order that a person who has been found guilty of an
>    offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of
>    section 3142 and is awaiting imposition or execution of sentence be detained
>    unless—(A)(i) the judicial officer finds there is a substantial likelihood that a
>    motion for acquittal or new trial will be granted; or (ii) an attorney for the
>    Government has recommended that no sentence of imprisonment be imposed on
>    the person; *and* (B) the judicial officer finds by clear and convincing evidence that
>    the person is not likely to flee or pose a danger to any other person or the
>    community."   *Emphasis added.*

Second, Defendant Gardner will be found guilty to of a crime of violence, as described in

18 U.S.C. § 3142(f)(1) (A).   The exception to mandatory detention applies only if (A)(i) or (A)(ii)

*and* (B) of 3143(a)(2) apply.   They do not.   There is not a substantial likelihood that a motion

for acquittal or new trial will be granted or that the government will recommend that no sentence

of imprisonment be imposed, and the judicial officer will find by clear and convincing evidence

that the person in not likely to flee or pose a danger to any other person or the community.

Third, Defendant Gardner argues that his detention will impact his Bureau of Prisons

("BOP") designation as an "exceptional reason" pursuant to 18 U.S.C. § 3145(c).   The

government submits that § 3145 does not apply, because Defendant Gardner is not appealing a

detention order.   The government further submits that because BOP's designation regarding the

2

security level of inmates is a routine calculation, it is not an "exceptional reason" as contemplated by § 3145.

Defendant Gardner is asking this Court for special treatment, without distinguishing himself from every other similarly situated defendant.  The government respectfully urges the Court to deny Defendant Gardner's motion.

Respectfully submitted this 24th day of June 2022.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney


By:     *Jacqueline Schesnol*
Jacqueline Schesnol
AZ Bar No. 016742
Capitol Riot Detailee
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, AZ 85004-4449
(602) 514-7500
jacqueline.schesnol@usdoj.gov