UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 21-cr-622 (APM) |
| ) | |
| MITCHELL TODD GARDNER, II, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

#### I.

Defendant Mitchell Todd Gardner, II, proceeding pro se, seeks a reduction in sentence or compassionate release under two provisions of the First Step Act, 18 U.S.C. § 3582(c)(1)–(2), based on recent amendments to the Sentencing Guidelines regarding "zero-point offenders." *See* Def.'s Mot. for Compassionate Release and/or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) & (c)(2), ECF No. 64 [hereinafter Def.'s Mot.]. Having considered Defendant's motion, the government's opposition, *see* United States' Opp'n to Def.'s Mot., ECF No. 65, and the filing by Professor Edwina Barvosa as *amicus curiae*, Notice of Br. of Amicus Curiae, ECF No. 66, the court denies Defendant's motion.

#### II.

#### A.

Defendant pleaded guilty to three offenses for his actions on January 6, 2021, when he participated in the attack on the United States Capitol: (1) Civil Disorder, 18 U.S.C. § 231(a)(3), (2) Obstruction of an Official Proceeding and Aiding and Abetting, 18 U.S.C. § 1512(c)(2), and (3) Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon, 18 U.S.C. §

111(a)(1), (b).  Plea Agreement, ECF No. 48, at 1.  The court sentenced Defendant to concurrent terms of imprisonment totaling 55 months.  Judgment, ECF No. 61, at 3.

### III.

Effective November 1, 2023, the U.S. Sentencing Commission amended the Guidelines to include an offense-level reduction for "zero-point offenders."  U.S.S.G. § 4C1.1 (Nov. 1, 2023).  The amendment, which "recognizes that individuals with zero criminal history points have considerably lower recidivism rates than other sentenced individuals, as well as the fact that courts generally depart and vary more often in cases involving individuals with zero criminal history points as compared with other individuals," applies retroactively.  Amendment 821, U.S. Sentencing Commission (Aug. 31, 2023).  The adoption of § 4C1.1, Defendant argues, constitutes an "extraordinary or compelling reason" warranting a sentence reduction, 18 U.S.C. § 3582(c)(1)(A)(i), and independently, lowers his guidelines range such that a reduced sentence is consistent with the policy statements issued by the Sentencing Commission, *id.* § 3582(c)(2).  The court is not persuaded by either argument.

### A.

Section 3582(c)(1)(A) provides that once a defendant exhausts their administrative remedies, they may move to "reduce the term of imprisonment," which the court may grant if "extraordinary and compelling reasons warrant" the modification, and if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Guidelines Section 1B1.13 and its commentary set forth various "extraordinary and compelling reasons," which a district court may use "to inform the exercise of its discretion" under § 3582(c).  *United States v. Jenkins*, 50 F.4th 1185, 1196 (D.C. Cir. 2022).  That guideline provides that unless a defendant has served at least ten years of an unusually long sentence, "a change in the law

(including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists[.]" U.S.S.G. § 1B1.13(c). Only "if a defendant *otherwise* establishes that extraordinary and compelling reasons warrant a sentence reduction" may a change in the law be considered "for purposes of determining the extent of any such reduction." *Id.* (emphasis added).

Defendant has not demonstrated that any extraordinary and compelling reason—besides the change in law—exists to reduce his sentence. Defendant nowhere claims that he suffers special medical or family circumstances, advanced age, or victimization while incarcerated. *See* U.S.S.G. § 1B1.13(b)(1–4). Although he expresses remorse for his conduct, recognition of the harm he inflicted, and the significance of this conviction, Def.'s Mot. at 12–15 (ECF pagination), these circumstances are not "similar in gravity" to those enumerated in the Guidelines. *Id.* § 1B1.13(b)(5).

Moreover, the factors this court considered under 18 U.S.C. § 3553(a) counsel against reducing Defendant's sentence. The nature and circumstances of the offense, 18 U.S.C. § 3553(a)(1), alone warrant denial. Defendant not only personally committed acts of violence against officers and inflicted property damage to the Capitol, he also encouraged others to do the same. Among other things, he sprayed multiple police officers using an Oleoresin Capsicum (known as "pepper spray") MK-46 canister; repeatedly slammed the pepper spray canister against a window that contributed to its destruction; entered into a room through the broken window and participated in its trashing; handed another rioter a wooden desk leg later used to assault police; and urged others to break the police line guarding the Lower West Terrace Tunnel. Stmt. of Offense, ECF No. 49, at 5–6. Defendant's conduct was so significant that, at sentencing, the court

observed that "the combination of conduct . . . I haven't quite seen anything like it." Hr'g Tr., Mar. 16, 2023, ECF No. 63 [hereinafter Sentencing Tr.], at 67:19-20.

Other sentencing factors similarly weigh against Defendant's request. With respect to § 3553(a)(2), as the court recognized at sentencing, "[t]here's no doubt the conduct in this case is deserving of serious punishment to reflect the seriousness of the conduct, to promote respect for the law." Sentencing Tr. at 62:8-10. The court also considered numerous comparable cases to "avoid unwarranted sentence disparities," 18 U.S.C. § 3553(a)(6); Sentencing Tr. at 59–62, noting that none of the other cases that the court had previously seen involved a "combination of a person that day that assaulted police officers with a dangerous weapon, [and] used a weapon to destroy government property." Sentencing Tr. at 67:5-7. These considerations have not changed, and in light of them, reducing Defendant's sentence would be inappropriate.

**B.**

The court turns next to Defendant's alternative argument under § 3582(c)(2). Under that subsection, "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may have their sentence reduced if, "after considering the factors set forth in section 3553(a), . . . such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Defendant is correct that, if applicable, U.S.S.G. § 4C1.1 would "lower" his guidelines range. *See* U.S.S.G. § 4C1.1.

Defendant is not, however, eligible for the zero-point offender reduction. The provision expressly excludes defendants who "use[d] violence . . . in connection with the offense" or "possess[ed] . . . a firearm or other dangerous weapon . . . in connection with the offense[.]" *Id*. § 4C1.1(a)(3), (7). Defendant was convicted of Assaulting, Resisting, or Impeding Certain

4

Officers Using a Dangerous Weapon. 18 U.S.C. § 111(a)(1), (b). He admitted that he "assaulted [] officers on account of their performance of their official duties" and did so using pepper spray, which "is a deadly or dangerous weapon." Stmt. of Offense, ECF No. 49, at 7. He therefore does not qualify for a sentence reduction under § 3582(c)(2).

IV.

Finally, Defendant requests that the court appoint counsel to represent him in this matter. Def.'s Mot. at 8–9 (ECF pagination). "Courts have 'discretion to appoint counsel in proceedings under 18 U.S.C. § 3582(c) if the interests of justice so require,' but when the issues presented by a compassionate release motion are straightforward, courts in this District regularly find that the interests of justice do not require appointment of counsel." *United States v. Morales*, No. 06-cr-248-4 (JDB), 2021 WL 4622461, at *1 n.1 (D.D.C. Oct. 7, 2021) (quoting *United States v. Edwards*, No. 03-cr-234 (JDB), 2021 WL 3128870, at *1 n.2 (D.D.C. July 22, 2021)). This is such a case.

The court finds that the interests of justice do not warrant the appointment of counsel and denies Defendant's request.

V.

For these reasons, the court denies Defendant's Motion for Compassionate Release and/or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) & (c)(2), ECF No. 64.

Date: February 8, 2024

Amit P. Mehta
United States District Court Judge