UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Case No. 1:21-cr-00622-APM-1 |
| : | |
| **MITCHELL TODD GARDNER, II,** : | Judge Amit P. Mehta |
| : | |
| **Defendant.** : | |

### UNITED STATES' OPPOSITION TO DEFENDANT'S
### MOTION FOR RETURN OF MONETARY PENALTIES

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this opposition to the *pro se* Motion for Return of Monetary Penalties filed by defendant Mitchell Todd Gardner, II, on October 16, 2025. ECF No. 68.

On June 27, 2022, defendant pleaded guilty to three counts relating to the events at the U.S. Capitol on January 6, 2021. Min. Entry (June 27, 2022). On March 16, 2023, the Court sentenced defendant to 55 months' imprisonment, 36 months' supervised release, $3,500 restitution, and a $300 assessment. ECF No. 61 (judgment). Defendant did not appeal his convictions or sentences. Accordingly, his convictions became final on April 7, 2023.[1]

In January 2025, nearly two years after defendant's convictions were final, President Trump pardoned defendant. Proclamation No. 10887, 90 Fed. Reg. 8331 (Jan. 29, 2025).

---

[1] Where a defendant does not appeal his conviction or sentence, the judgment becomes final upon the expiration of the period within which the defendant could have filed a direct appeal. *United States v. Ingram*, 908 F.Supp.2d 1, 4 (D.D.C. 2012) (citing cases); *United States v. Booker*, 564 F. Supp. 2d 7, 12 (D.D.C. 2008) (same); *cf. Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). This Court entered the judgment in defendant's case on March 24, 2023. ECF No. 61. Under the Federal Rules of Appellate Procedure, defendant had 14 days to file an appeal. Fed. R. App. P. 4(b)(1)(A). Defendant did not file an appeal, so the judgment became final upon the expiration of that 14-day period on April 7, 2023.

On October 16, 2025, defendant filed a *pro se* Motion for Return of Monetary Penalties. ECF No. 68. In his motion, defendant notes that he paid the court-ordered restitution and assessment and now seeks the return of these funds since he was pardoned. *Id*. at 2. However, as explained below, defendant cannot obtain the return of these funds because his convictions were final at the time of the pardon and have not been vacated.[2]

Generally, a pardon "does not make amends for the past. It affords no relief for what has been suffered by the offender in his person by imprisonment, forced labor, or otherwise; it does not give compensation for what has been done or suffered, nor does it impose upon the government any obligation to give it." *Knote v. United States*, 95 U.S. 149, 153-54 (1877). As a result, a pardon does not "affect any rights which have vested in others directly by the execution of the judgment for the offence, or which have been acquired by others whilst that judgment was in force." *Id.* at 154. When that occurs, "[t]he rights of the parties have become vested, and are as complete as if they were acquired in any other legal way. So, also, if the proceeds have been paid into the treasury, the right to them has so far become vested in the United States that they can only be secured to the former owner of the property through an act of Congress." *Id.*; *see also Ex parte Garland*, 71 U.S. 333, 381 (1867) ("There is only this limitation to its operation: it does not restore offices forfeited, or property or interests vested in others in consequence of the conviction and judgment.").

Thus, for example, in *Fordham v. Georgia Department of Administrative Services*, No. 23- 11214, 2023 WL 5747709 (11th Cir. Sept. 6, 2023), the Eleventh Circuit rejected a

---

[2] On November 4, 2025, the Court ordered the government to respond to defendant's motion by November 18, 2025. Min. Order (Nov. 4, 2025). However, the division of the U.S. Attorney's Office typically responsible for litigating post-conviction motions, the Special Proceedings Division, was unaware of defendant's motion until January 27, 2026. The government apologizes for its belated response.

2

defendant's request for "reimbursement of the restitution payments he made before his pardon[.]" *Id.* at *1. The district court in that case had "properly concluded that Fordham's pardon discharged his obligation to make *future* restitution payments." *Id.* at *2. But as to the restitution payments that the defendant had already made, "[t]he district court transferred all restitution monies to the victims, so the property rights to those funds have fully vested in the Department and Great American.   In short, the money Fordham seeks is long gone. Allowing him to claw back past restitution payments under guise of a presidential pardon would impair the Department and Great American's accrued property rights in that money, an outcome plainly proscribed by the Supreme Court." *Id.*; *see also Boultbee v. United States*, No. 23-1884, 2024 WL 3220261, at *3 (Fed. Cl. June 27, 2024) (dismissing, for lack of subject matter jurisdiction, a Tucker Act claim brought by pardoned plaintiff who sought a refund of all financial penalties collected, and explaining that the "pardon power is not money mandating when the money is paid pursuant to a criminal conviction has vested in a third party").

Here, unlike the defendants in the cases he cites in support of his motion,[3] defendant received a pardon *after* his convictions were final, and his convictions have *not* been vacated. Accordingly, he cannot obtain the return of the restitution or assessment he paid prior to receiving the pardon. The Court should therefore summarily deny defendant's Motion for

---

[3] Defendant cites government responses in two cases—*United States v. Stacy Wade Hager*, No. 21-cr-381, ECF No. 83 (D.D.C. Apr. 8, 2025), and *United States v. Hector Vargos Santos*, No. 21-cr-47, ECF No. 107 (D.D.C. Apr. 11, 2025)—in support of his motion. He also extensively quotes from the Motion for Return of Monetary Penalties filed in *United States v. Yvonne St Cyr*, No. 22-cr-185, ECF No. 134 (D.D.C. May 22, 2025), in furtherance of his motion. Critically, the defendants in each of those cases received a pardon *while their direct appeals were pending*. Their convictions were not final and were therefore vacated following the issuance of the relevant pardon. As discussed *supra* p.1, however, defendant's convictions became final nearly two years before he received a pardon and remain intact. Thus, he cannot avail himself of the same relief received by defendants whose convictions have been vacated.

Return of Monetary Penalties.

                              Respectfully submitted,

                              JEANINE FERRIS PIRRO
                              United States Attorney

                              KACIE M. WESTON
                              Chief, Special Proceedings Division

                              */s/ Thomas Stutsman*
                              THOMAS STUTSMAN
                              Assistant United States Attorney
                              Minnesota Bar No. 0392603
                              Special Proceedings Division
                              601 D Street NW
                              Washington, D.C. 20530
                              (202) 252-7578
                              Thomas.Stutsman@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that I caused service of the foregoing to be made through the Court's ECF system on January 28, 2026. I further certify that I caused a copy of the foregoing to be posted for first-class delivery to Mitchell Todd Gardner, II, through the U.S. mails on January 28, 2026. I sent this pleading to the mailing address the Clerk's Office has on file for Mr. Gardner.

                              */s/ Thomas Stutsman*
                              THOMAS STUTSMAN
                              Assistant United States Attorney